UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20552-CR-GRAHAM

UNITED STATES OF AMERICA

vs.

JUAN DE JESUS LOPEZ,
WILLIAM HERNANDEZ ESTEVEZ,
LUZ MERY ARANGO,
CHRISTIAN CAMILO,
RAMON PACHECO PEREZ, and
RAFAEL RANGEL JIMENEZ,

                      **Defendants.**
_____/

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.   1.   The defendants were recorded on an extremely large number of phone calls intercepted with judicial authorization by the Colombian National Police. Please provide a one terabyte capacity hard drive to DEA Special Agent Kristine Kibble, (954) 660-4795, to receive a complete copy of all such evidence in this case. As an alternative, the United States is preparing a representative sample of relevant recorded calls, with English/Spanish transcripts, for each defendant. These will be provided to each defendant's counsel when they are completed. The government's best current estimate is that this will be done in the first week of August.

       2.   Reports summarizing any oral statements made by defendants in response to interrogation will be provided to each defendant's counsel.

       3.   No defendant testified before the Grand Jury.

       4.   The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

      5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time by contacting DEA Special Agent Kibble or Task Force Officer John Costa at 305-525-6493. The principle physical evidence in the government's possession includes photographs of seized drugs and seized currency (in addition to the wiretap recordings).

      6.    A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). The United States has no such evidence at this time.

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

Three prospective government witnesses are paid confidential sources. The amounts they are paid for information are within the sole discretion of the DEA. The sums they have been paid will be provided when received by this office.

The United States has had discussions with co-defendants in this case concerning potential reduced sentences in return for cooperation and truthful testimony. These agreements will be disclosed when the terms are finalized and the government decides which of the cooperating co-defendants it is likely to call as witnesses at trial.

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. The only such witnesses known at this time are co-defendants in this indictment, as noted above.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant(s) of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person as defined in Title 18, United States Code, Section 2510 (11), of any electronic surveillance by or within the United States.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be sued as evidence at trial.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant(s).

N. At this time, the only expert testimony the government expects to present in accordance with Fed. Rule Evid. 702 is that of a chemist who determined that a seized substance was cocaine. The United States will provide the background for this testimony before trial if the defendants are unwilling to stipulate to it.

   O.   The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

            Respectfully submitted,

            WIFREDO A. FERRER
            UNITED STATES ATTORNEY

          By: /s/ Frank H. Tamen
            Frank H. Tamen
            Assistant United States Attorney
            Florida Bar No. 261289
            99 Northeast 4th Street
            Miami, Florida 33132-2111
            Tel: (305) 961-9022
            Fax: (305) 536-7213

cc:  DEA Special Agent Kristine Kibble

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of July, 2013, I electronically filed the foregoing document **Government's Response to the Standing Discovery Order** with the Clerk of the Court using CM/ECF.

By: /s/ Frank H. Tamen
Frank H. Tamen
Assistant United States Attorney